UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA, Acting Through
the U.S. Department of Agriculture Rural Housing
Service,[1]

                       Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　8:19-CV-1625
　　　　　　　　　　　　　　　　　　　　　　　　(GTS/DJS)

ERIC LANGLOIS; KRISTINA LANGLOIS; JOHN
DOE; MARY ROE; and XYZ CORPORATION,

                       Defendants.
_____

APPEARANCES:　　　　　　　　　　　　　　　OF COUNSEL:

PINCUS LAW GROUP, PLLC　　　　　　　　　　NICOLE B. LaBLETTA, ESQ.
  Counsel for Plaintiff
425 RXR Plaza
Uniondale, NY 11556

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this real property foreclosure action filed by the United States of America ("Plaintiff") against Eric Langlois, Kristina Langlois, and unidentified defendants John Doe, Mary Roe, and XYZ Corporation ("Defendants"), is Plaintiff's motion for default judgment and for judgment of foreclosure and sale pursuant to Fed. R. Civ. P. 55(b) against Eric Langlois and Kristina Langlois, and for dismissal of Plaintiff's claims against the unidentified defendants John Doe, Mary Roe, and XYZ Corporation. (Dkt. No. 25.) For the reasons stated below, the Court grants Plaintiff's motion.

---

[1]    The Court notes that the United States is proceeding on behalf of its agency, the U.S. Department of Agriculture Rural Housing Service, which (according to the Complaint) offers loans for (among other things) homes.

**I.      RELEVANT BACKGROUND**

    **A.      Plaintiff's Complaint**

Liberally construed, Plaintiff's Amended Complaint seeks a judgment of foreclosure and sale related to a property mortgaged to Eric Langlois and Kristina Langlois, for which Plaintiff is the owner and holder of the mortgage and promissory note. (Dkt. No. 3 [Pl.'s Am. Compl.].) Plaintiff alleges that, on or about February 3, 2011, Defendants Eric and Kristina Langlois obtained a mortgage for a sum of $171,000 with a 4% interest rate to be paid in monthly installments on real property located at 2423 Miner Road, Altona, NY 12910 in Clinton County, New York. (*Id.* at ¶¶ 2-4.) Plaintiff additionally alleges that Defendants have violated the provisions of the mortgage and promissory note by failing to pay the required monthly installments of principal and interest beginning August 16, 2018, and by failing to pay the real property taxes associated with the property. (*Id.* at ¶ 7.)

    **B.      Plaintiff's Service of the Complaint and Defendants' Failure to Answer**

Evidence provided by Plaintiff shows that Plaintiff served Defendants as follows: (a) Defendant Kristina Langlois was served in person at 1378 Front Street, Unit A, Keeseville, NY 12944 on December 22, 2020;[2] and (b) Defendant Eric Langlois was served by leaving the summons and Complaint at his usual place of abode (214 Recore Road, West Chazy, NY 12992) with co-occupant Meegan Estes on March 11, 2020, and mailing a copy to his last known address. (Dkt. No. 25, at 120-21, 123-24.) On January 15, 2021, the Court noted that the

---

[2]    The Court notes that, on March 26, 2020, it granted Plaintiff an extension of time to serve Defendant Kristina Langlois until June 3, 2020. (Dkt. No. 7.) However, on June 3, 2020, the Court again extended this deadline for service to September 4, 2020, in light of the COVID-19 pandemic. (Dkt. No. 11.) On September 3, 2020, the Court granted an automatic stay on the action due to Defendant Kristina Langlois' pending bankruptcy proceedings. (Dkt. No. 16.) On December 14, 2020, the stay was lifted and Plaintiff was directed to file affidavits of service for both Defendants by January 14, 2021. (Dkt. No. 18.)

deadline for Defendants to answer the Complaint had expired and directed Plaintiff to file either a request for clerk's entry of default or a status report on or before January 22, 2021. (Dkt. No. 20.)

### C. Clerk's Office's Entry of Default and Defendants' Non-Appearance

On January 20, 2021, Plaintiff filed a request for entry of default against Eric Langlois and Kristina Langlois. (Dkt. No. 21.) On January 21, 2021, the Clerk of the Court entered default against these two Defendants. (Dkt. No. 22.) As of the date of this Decision and Order, neither of these Defendants have appeared or attempted to cure the entry of default. (*See generally* Docket Sheet.)

### D. Plaintiff's Motion for Default Judgment and Defendants' Non-Response

On February 22, 2021, Plaintiff filed its motion for default judgment against Defendants Eric Langlois and Kristina Langlois related to the default on the mortgage and promissory note. (Dkt. No. 25.) Plaintiff asserted (and provided evidence in support of its assertion) that it is entitled to the following damages as of January 27, 2021: (a) unpaid principle of $144,260.31; (b) unpaid interest of $14,639.45 at a per diem rate of $15.8093 (based on the mortgage rate of 4% per annum); (c) subsidies that may be recaptured due to default of $23,786.40; (d) escrow of $998.12; (e) late charges of $98.73; (f) property management care expenses of $7,800.70; and (g) real estate appraisal expenses of $630.00. (*Id.* at 142.) Plaintiff also argues that the unidentified John Doe, Mary Roe, and XYZ Corporation Defendants should be dismissed because there are no tenants or occupants residing at the premises at issue. (Dkt. No. 25, at 1-2, 5; Dkt. No. 25, Attach. 2.)

Defendants were required to file a response to Plaintiff's motion by March 15, 2021. (Text Notice filed February 23, 2021.) As of the date of this Decision and Order, no Defendant has filed any response or made any appearance in this action.

## II.     RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Pursuant to Second Circuit law, when determining whether to grant a default judgment, the Court must consider three factors: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. *Pecarksy v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "An unexcused or unexplained failure to provide an answer to the Complaint will itself demonstrate willfulness," as does failing to respond to both a

4

complaint and a subsequent motion for default judgment. *United States v. Silverman*, 15-CV-0022, 2017 WL 745732, at *3 (E.D.N.Y. Feb. 3, 2017) (citing *S.E.C. v. McNulty*, 137 F.3d 732, 738-39 [2d Cir. 1998]; *Indymac Bank v. Nat'l Settlement Agency, Inc.*, 07-CV-6865, 2007 WL 4468652, at *1 [S.D.N.Y. Dec. 20, 2007]).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Under N.D.N.Y. L.R. 55.2(a), when requesting an entry of default judgment from the Clerk of the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to exceed the amount demanded in the Complaint and giving credit for any payments with the dates of payments), (c) a computation of

5

the interest to the day of judgment, (d) a per diem rate of interest, (e) the costs and taxable disbursements claimed, and (f) an affidavit of the moving party or the party's attorney. N.D.N.Y. L.R. 55.2(a).  The appended affidavit must show that (a) the party against whom judgment is sought is not an infant or incompetent person, (b) the party against whom judgment is sought is not in military service, (c) the party against whom judgment is sought has defaulted in appearance in the action, (d) service was properly effected under Fed. R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing and no part has been paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. *Id.*

Under N.D.N.Y. L.R. 55.2(b), when moving for an entry of default judgment from the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form of default judgment, (c) a copy of the pleading to which no response has been made, and (d) an affidavit of the moving party or its attorney setting forth the facts required by N.D.N.Y. L.R. 55.2(a).  N.D.N.Y. L.R. 55.2(b).

### III. ANALYSIS

After carefully considering whether Plaintiff is entitled to default judgment, the Court answers that question in the affirmative for the following reasons.

As an initial matter, the Court grants Plaintiff's motion to dismiss unidentified Defendants John Doe, Mary Roe, and XYZ Corporation from this action, because no such parties exist.  (Dkt. No. 25, at 1-2, 5; Dkt. No. 25, Attach. 2.)  Plaintiff's claims against these unidentified Defendants are therefore dismissed.

As to the remaining Defendants, an entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).  However, "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment.  Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true."  *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 188 (2d Cir. 2015).

The Court finds that Plaintiff's submissions meet the procedural requirements of Local Rule 55.2(b).  (Dkt. No. 25, at 3-6 [LaBletta Aff.].)  The Court therefore must assess whether Plaintiff has sufficiently alleged all the substantive requirements related to its specific claim.

Pursuant to New York common law, in a mortgage foreclosure action, "a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt."  *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012); *accord, Ditech Fin. LLC v. Sterly*, 15-CV-1455, 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016) (D'Agostino, J.).  Additionally, the New York Real Property Actions and Proceedings Law sets forth procedural requirements including (a) the service of statutory notice to the mortgagor with the summons and complaint, (b) the giving of notice to the mortgagor before the commencement of a legal action, (c) the filing by the lender of certain information with the superintendent of the New York State Department of Financial Services, and (d) the filing of a notice of pendency.  *Ditech Fin. LLC*, 2016 WL 7429439, at *4 (citing N.Y. Real Prop. Acts. L. §§ 1303, 1304, 1306, 1320, and 1321); *accord, Nationstar Mortgage LLC v. Atanas*, 285 F. Supp. 3d 618, 621-22 (W.D.N.Y. 2018).

Plaintiff has sufficiently shown that all of the above requirements are met in support of its motion for default judgment. Specifically, Plaintiff has provided a copy of the mortgage and promissory note at issue and proof of default. (Dkt. No. 25, at 8-18, 83-117, 133-38.) Additionally, related to the other procedural requirements, Plaintiff served the statutory notice along with the Complaint, and has provided copies of the notice given to the defaulting parties, a proof of filing statement documenting the information filed with the Superintendent of the New York State Department of Financial Services, and the Notice of Pendency filed with the Clinton County Clerk on January 3, 2020. (Dkt. No. 25, at 45-61, 83-117, 121, 124, 126-27.) As a result, the Court finds that Plaintiff has sufficiently established liability against the relevant Defendants on its claim.

The Court additionally finds that there is no indication that Defendants have any meritorious defense against Plaintiff's claim, nor any indication that Defendants would be unduly prejudiced by the entry of default judgment without a further opportunity to appear and respond. Additionally, Plaintiff would suffer prejudice by further delay in this action, because it has not received any payment on the mortgaged property since August 16, 2018, and continues to remain responsible for certain expenses related to that property without being able to use or sell the property, all without any indication that Defendants intend to act. Defendants have been appropriately served with the summons and Complaint and with Plaintiff's motion for default judgment, and thus there is no reason why entering a default judgment against Defendants would be inappropriate under the circumstances. (Dkt. No. 25, at 119-24; Dkt. No. 26.)

As to damages, Plaintiff provided an affidavit from Mirian Jackson, who states that she is a "Lead Fcl Specialist" with the United States Department of Agriculture Rural Housing Service. (Dkt. No. 25, at 140-42 [Jackson Aff.].) Ms. Jackson states that, according to the official

8

business records of the Rural Housing Service that are maintained on a computer located in the Central Office in St. Louis, Missouri, as of January 27, 2021, there was a total amount of $192,213.71 due and owing to Plaintiff under the mortgage and promissory note. (*Id.*) This amount consisted of $144,260.31 in unpaid principle, $14,639.45 in unpaid interest through January 27, 2021 (with continuing interest at a rate of 4% per annum, or $15.8093 per diem), $23,786.40 in subsidies to be recaptured, $998.12 in escrow, $98.73 in late charges, $7,800.70 in property management care expenses, and $630.00 in real estate appraisal expenses. (*Id.* at 142.) The Court finds that these amounts have been sufficiently established by the documents provided for the purposes of this unopposed motion.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment against Defendants Eric Langlois and Kristina Langlois (Dkt. No. 25) is **GRANTED**; and it is further

**ORDERED** that this action is **DISMISSED** against unidentified Defendants John Doe, Mary Roe, and XYZ Corporation; and it is further

**ORDERED** that the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as 2423 Miner Farm Road, Altona, NY 12910, a parcel of land improved with a single-family home, is to be sold in and as one parcel, as a sale in one parcel with be most beneficial to the interests of the parties; and it is further

**ORDERED** that the sale be conducted at public auction at the Supreme Courthouse for the County of Clinton, 137 Margaret Street, Plattsburgh, NY 12901, or at another suitable location, by and under the direction of David McNulty, United States Marshal for the Northern District of New York, who is hereby directed to make the sale of said premises; and it is further

**ORDERED** that the United States Marshal shall give public notice of the time and place of the sale as follows:

(1) Causing a copy of the Notice of Sale to be sent by mail in a prepaid wrapper to the Defendants at the following addresses:

   a. Kristina Langlois, 1378 Front Street (Unit A), Keeseville, NY 12944; and

   b. Eric Langlois, 214 Recore Road, West Chazy, NY 12992;

(2) Posting copies of the Notice of Sale in three (3) conspicuous public places in Clinton County, New York; and

(3) Causing the Notice of Sale to be published once weekly for four (4) consecutive weeks in the Press Republican, a newspaper of general circulation published in Clinton County; the Notice of Sale need not contain the full legal description of the property as set forth in Schedule A, but may refer to the property as 2423 Miner Farm Road, Altona, NY 12910; and it is further

**ORDERED** that Plaintiff or any other party to this action may become a purchaser on such sale; and it is further

**ORDERED** that the United States Marshal shall execute to the purchaser on such sale a deed of the premises sold and, upon receiving the proceeds of the sale, forthwith pay the following items:

FIRST, United States Marshal's fees and commissions on the sale, not to exceed the sum of $300.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale; and

THIRD, the sum of $192,213.71, with interest thereon from January 27, 2021, the amount owing to Plaintiff and secured by the mortgage that is the subject of this action, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED** that, in the event that Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to or acquired by Plaintiff and a valid assignment thereof is filed with the United States Marshal, the United States Marshal shall not require Plaintiff to pay in cash the entire amount bid at the sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the United States Marshal of the amounts specified above in the items marked FIRST and SECOND; the balance of the amount bid, after deducting therefrom the amounts paid by Plaintiff, shall be allowed to Plaintiff as specified above in the item marked THIRD; if, after applying the balance of the amount bid there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the United States Marshal, upon delivery to it of the deed, the amount of that surplus, after which the United States Marshal shall then make the payments as herein directed; and it is further

**ORDERED** that the United States Marshal take the receipt of Plaintiff or its attorney for the amounts paid as hereinabove directed in the item marked THIRD and file it with his Report of Sale; and it is further

**ORDERED** that surplus monies, if any, shall then be deposited in the Registry of this Court, to be withdrawn only on the order of this Court; and it is further

**ORDERED** that the United States Marshal make his Report of Sale and file it with the Clerk of this Court with all convenient speed, and, if the proceeds of the sale are insufficient to

pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and allowances, the United States Marshal shall specify the amount of such deficiency in the Report of Sale; and it is further

**ORDERED** that the purchaser on such sale shall be let into possession of the premises sold upon production of the United States Marshal's deed to such premises; and it is further

**ORDERED** that Defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, are forever barred and foreclosed of all right, title, interest, claim, lien, and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof.

Date:   June 17, 2021
        Syracuse, New York

*[Signature]*
Hon. Glenn T. Suddaby
Chief U.S. District Judge